## Kocis Estate

*Fike, Cascio & Boose*, for executor.

*Archibald M. Matthews*, for Commonwealth.

LANSBERRY, P. J., July 5, 1966.—In the estate of Mary Kocis, the Commonwealth of Pennsylvania peti-

tioned this court, seeking a review of the first and final account of executor after confirmation. Executor resists the granting of the petition.

Mary Kocis died testate December 24, 1962, survived, among others, by a daughter, Ann Lucille Kocis, a patient at the Mayview State Hospital at the time of the death of her mother and previously a patient at the Torrence State Hospital. An account of approximately $13,432.42 for the maintenance of Ann Lucille Kocis accumulated, and by this petition for review, the Commonwealth seeks to obtain three undistributed items in the estate of decedent in payment of a portion of the account for which the mother's estate is allegedly liable.

The first and final account, filed August 3, 1964, together with a proposed distribution, showed an amount for distribution in the sum of $11,556.30. After passing register and advertisement, as required by law and the rules of court, the first and final account was confirmed absolutely on September 23, 1964, and distribution thereof directed.

The Commonwealth contends that its first notice of the accounting was the receipt of a notice of the distribution of a bequest of $100 to the daughter, Ann Lucille Kocis, which notice was directed to Ann Kocis, personally, a patient at the Mayview State Hospital. Thereafter, this petition was presented under section 721 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.721.

Prior to the presentation of the petition for review, and subsequent to the confirmation of the account and order of distribution, all of the assets in the estate were distributed except three items, as follows: $1,500 to a grandson, John Kocis, which amount had been assigned by him to the various creditors but which distribution was not actually made to the various creditors of John Kocis for the reason that specific information as to the

assignees was not given to executor prior to the presenting of the petition; second, a bequest of $100 to Ann Lucille Kocis, above mentioned, which was not distributed to her for the reason that an appointment of a guardian to receive the bequest was suggested by the superintendent of Mayview State Hospital, and third, a bequest of $1,500 to Andrew Kocis, a grandson, whose location was not established until late in February, 1965. The other items in the estate were distributed to a granddaughter, Mary Ann Shilling, the sum of $100, and a like sum to another granddaughter, Helen Inez Voyten, and the sum of $4,500 in cash and a tract of real estate valued at $3,600 in kind to Cecelia Young, a daughter of decedent, which three distributions had been completed on or before October 23, 1964.

It is well established by the Act of Assembly, as well as the numerous cases interpreting the statute, that a review after confirmation and distribution of an account of the fiduciary is not a matter of right, but is a matter of grace or discretion with the orphans' court. It is mandatory from the wording of the act "that the courts shall give such relief as equity and justice shall require". From the numerous cases, it is apparent that the purpose of the section of the Fiduciaries Act here sought to be employed is to correct errors on the face of the record, to permit the introduction of new matter which has arisen after the decree, or to permit a reconsideration of the decree of distribution upon discovery of proofs which could not have been obtained before the entry of the decree: 12 Fiduciary Review 518 (1963). It has been specifically held that the lack of notice itself is not sufficient if inequities would result by a reopening of the decree of confirmation and a redistribution of the assets, especially where a portion of the assets have been distributed and a portion thereof have not been distributed: In Re Thomas Estate, 3 Chester 258 (1948).

Upon an extended consideration of the record in this estate, and considering the inequities which would result to three of the distributees who would not share as against the three who have already shared, and for the further reason that except for reasons beyond the control of executor, all of the distributions would have been made prior to the petition for review, we have concluded that in the exercise of the mandate of the statute and the exercise of equitable discretion, the request of the Commonwealth should be declined.

For the reasons indicated, we now enter the following

### DECREE

Now, July 5, 1966, the petition of the Commonwealth of Pennsylvania for rehearing and review of the decree of confirmation of the first and final account and order of distribution in the above captioned estate is declined.